## GOODMAN & MITCHELL *vs.* WALKER.

[PETITION FOR SUPERSEDEAS OF EXECUTION.]

1. *Special supreme court.*—When two of the judges of the supreme court are incompetent to sit in a cause, and the remaining judge, being of opinion that the judgment of the court below ought to be reversed, certifies the facts to the governor for the appointment of a special court, (Code, § 573,) 'and then goes out of office, before the cause is decided by the special court,—the authority of such special court is at an end; and if the succeeding judge is competent to sit in the cause, it must be heard before him; and if he is of opinion that the judgment should be affirmed, his judgment is of the same force and effect as if it were the judgment of a majority of the supreme court.

2. *Amendment of execution.*—On motion to supersede and quash an execution, the court may allow the execution to be amended, by striking out the name of one of the defendants, so as to make it conform to the judgment on which it was issued.

Goodman & Mitchell v. Walker.

APPEAL from the Circuit Court of Chambers. Tried before the Hon. ROBERT DOUGHERTY.

IN this case, the appellants filed their petition, for the purpose of superseding and quashing an execution, which was issued on a judgment rendered by said circuit court, on the 26th March, 1853, in favor of Maria Walker, as executrix of John H. Walker, deceased. In the case in which said judgment was rendered, the defendants sued out an appeal to the supreme court, at its June term, 1853. At the January term, 1855, the judgment of the circuit court was affirmed; but, on a subsequent day of the term, the affirmance was set aside, and a rehearing granted. At the July term, 1855, the cause was heard before Mr. Justice GOLDTHWAITE, sitting alone, as the other two judges of the court were incompetent to sit; and he, being of opinion that the judgment ought to be reversed, certified the facts to the governor for the summoning of a special court. On the 16th July, 1855, the special court convened, heard the cause, and held it under advisement until the 10th January, 1856, when a judgment was rendered, reversing the judgment of the circuit court, and remanding the cause. On the 14th January, 1856, in the absence of one of the circuit-court judges, the other two judges of the special court set aside the judgment of reversal, granted a rehearing, and ordered the cause to be placed back on the regular docket. At the June term, 1856, of the supreme court, the cause was heard before Mr. Justice STONE, (who had succeeded Mr. Justice GOLDTHWAITE,) sitting alone; and the judgment of the circuit court was by him affirmed. The defendants afterwards filed a bill in chancery, to enjoin the judgment; but their bill was dismissed by the chancellor, for want of equity; and his decree was affirmed by the supreme court, on appeal, on the 2d April, 1858. On the 14th of April, 1858, the clerk of the circuit court issued an execution on the original judgment, against Goodman & Mitchell, with James S. Mitchell, their surety on the appeal bond, and James E. Reese, their surety on the injunc-

tion bond in the chancery suit; and this is the execution
which the appellants sought to supersede and quash. The
plaintiff in the execution made a motion to amend it, by
striking out the name of James E. Reese; and the two
motions were heard together. The court granted the plain-
tiff's motion to amend, refused the defendants' motion to
quash the execution, and dismissed their petition; and its
judgment, in each of these particulars, is now assigned as
error.

L. E. PARSONS, for the appellants.

GOLDTHWAITE, RICE & SEMPLE, with whom was J.FAUK-
NER, *contra*.

R. W. WALKER, J.—The principal question for our
consideration is as to the jurisdiction of Judge STONE to
try and decide the case under the circumstances disclosed
by the record.

Section 573 of the Code relates to cases in the supreme
court, in which two of the judges are disqualified from sit-
ting, and is in the following words: "In any cause or pro-
ceeding in said court, when any two of the judges are dis-
qualified from sitting, the other judge must hear such
cause, and, if of the opinion that the judgment should be
affirmed, his judgment is of the same force and effect as if
it were the judgment of a majority of the court; but, if
of opinion that the judgment should be reversed, he must
certify the same to the governor, who must associate with
him two circuit judges, or two chancellors, for the decision
of such cause; and such three judges must hear and de-
termine the same."

The proceeding authorized by this section is a special
statutory proceeding, and the statute must be strictly pur-
sued. The decision of no case can be effected in the special
mode here provided, unless two of the judges of the su-
preme court are disqualified from sitting, and the remaining
judge has certified to the governor his opinion that the
judgment should be reversed. When his certificate is given,

Goodman & Mitchell v. Walker.

it is made the duty of the governor to *associate with* the judge giving the same two circuit judges, or two chancellors, for the decision of the cause. The reason for the issuing of the commission is the fact that there is but one judge of the supreme court qualified to sit, and that he has certified that, in his opinion, 'the judgment should be reversed. When the reason on which the grant of authority is founded ceases, 'it would seem that the authority itself should terminate. Moreover, the two circuit judges or chancellors are *associated with* a judge of the supreme court who has given the required certificate. That is to say, the tribunal created by the statute is to consist of a judge of the supreme court, aided by two circuit judges, or chancellors; and we think it is clear, that if the judge of the supreme court goes out of office before the decision of the cause, his authority over it is, *ipso facto*, at an end, and when his authority ceases, that of the two circuit judges, or chancellors, associated with him, must also cease. Their authority is purely auxiliary, in aid of the authority of the supreme court judge who is qualified to sit; and when, by his ceasing to be such judge, his authority comes to an end, the merely dependent and auxiliary authority of his associates must also cease.

In the present case, when the order granting a rehearing was made by the special court, that court directed that "the cause be placed back on the regular docket," and then adjourned *sine die*. During the succeeding term, and before any further step was taken in the cause, Judge GOLDTHWAITE, upon whose certificate the special court had been summoned, resigned his seat upon the bench, and Judge STONE succeeded him. There was then a judge upon the bench, qualified to sit in the cause, who had never certified that in his opinion the judgment should be reversed. The judge who had given such a certificate having ceased to be a judge, thereby ending his authority over the cause, and having been succeeded by another judge who was qualified to sit, but who had not given the certificate required by law, the reason on which the grant of

authority to the special judges had been founded, was destroyed, and the same became inoperative.

This will be rendered more clear, if we suppose that one of the other judges had resigned at the same time with Judge GOLDTHWAITE, and had been succeeded by a judge, who, like Judge STONE, was qualified to sit in the cause. There would then have been two judges of the supreme court competent to hear and decide the case. Or we may suppose that both of the other judges had resigned with Judge GOLDTHWAITE, and that their successors were qualified to sit in the cause. There would then have been a full court competent to try the case. Could it be pretended that, in either of the cases we have supposed, the authority of the persons named in the governor's commission would still continue, and that a judgment rendered by two judges of the supreme court qualified to sit, or even by a full court of three judges, would be void for want of jurisdiction? In principle, there can be no difference between the cases supposed, and the one before us.

The authority of the special judges having been terminated by the resignation of Judge GOLDTHWAITE, the case stood like any other case on the docket. Judge STONE being the only judge qualified to sit it was his duty to hear the cause; and as he was of the opinion that the judgment should be affirmed, his judgment of affirmance "is of the same force and effect as if it were the judgment of a majority of the court."—Code, § 573.

2. There was no error in amending the execution, so as to make it conform to the judgment.

Judgment affirmed.

A. J. WALKER, C. J., not sitting.